The next case today is United States v. Joseph Crocco, appeal number 192140. Attorney Gordon, please introduce yourself on the record. I'm Joshua Gordon. I represent the defendant, Joseph Crocco. Mr. Crocco's, may I proceed? Yes, you may. Mr. Crocco's 2011 Virginia conviction for possession with intent to sell marijuana was used as a career offender predicate in the incident crime. Under Virginia law at the time, he could have been convicted with just a half an ounce, but as of July 2020, that's not a crime. Now you need more than an ounce, and we don't know the quantity he possessed in Virginia in 2011. And Mr. Crocco is now serving time as a career offender when that underlying conduct may no longer be a crime. Without the career offender, he might get six to eight years, and he got nearly double that. No person should be sentenced for a controlled substance offense when the substance is no longer controlled. And this is plain error because the Virginia statute clearly changed. It greatly affects Mr. Crocco's sentence. The reputation of the law is harmed when people serve time for conduct that's no longer illegal. Could you address, Mr. Gordon, could you address the standard of review on this issue? This is a plain error, your honor, because it was not raised in the district court. At the time, the Virginia statute had not changed. It didn't change until July 2020, and he was sentenced in 2019. And so what makes this error that you're pointing to clear and obvious? Well, it's clear and obvious that the statute in Virginia has changed. And as to the other prongs, I think it diminishes respect for law when you see somebody serving time essentially for something that really is no longer a crime. I don't mean to be, you know, take to the epitome, but let's say he was convicted of harboring a fugitive slave or something like that before the Civil War and then after the Civil War, and the career offender status is predicated on something that may no longer be a crime in the jurisdiction where he was first convicted. Makes sense. Mr. Croco should also not be treated as a career offender because his 1995 North Carolina conviction for voluntary manslaughter, it was 25 years ago, and that was when he was just four months past his 18th birthday and essentially an adolescent transgression. This may be harmless error depending upon the outcome of the career offender issues, but Mr. Croco was also allocated two extra points because he was on probation when he robbed the bank in the incident crime in Hindsdale, New Hampshire. However, he was not under a criminal justice sentence at the time. His prior sentence was ten years, nine suspended plus probation. An enhancement for being on a career justice, excuse me, criminal justice sentence requires a period of incarceration before probation in the Fourth Circuit. Do I understand correctly, if, and I'm not saying we would, but if we were to disagree with you on the first issue that you discussed on the career offender status, would that then move this issue? It would be harmless error, essentially moved, yes. There was no proof of incarceration here, which is what happens in the Fourth Circuit, and second, a suspended sentence alone is not sufficient, and that's plain error because the Fourth Circuit case predates sentencing, and like you say, I recognize this is harmless error depending upon the outcome of the career offender statute. Finally, a sentence must be sufficient but not greater than necessary, and Mr. Croco's sentence is much greater than necessary. The sentencing judge, Judge DeClerco, said that the standard sentence for bank robbery in New Hampshire District, quote, runs between three or four years to six or seven years, unquote. Mr. Croco got 12. It is not reasonable to serve time, as I said, for a controlled substance offense when the substance is no longer controlled. Also, the robbery was a note job. It lasted less than one minute. There was nothing displayed that could be mistaken for a bomb, no violence, no harm, and finally, it was four days before Christmas. It netted Mr. Croco just $2,700, and he went the very next day to Poughkeepsie, New York, and gave a portion of that money to his children. Overall, 12 years is too long a sentence, and this court should remand for resentencing. If there's no questions. Thank you. Are there any questions for Mr. Gordon? Thank you, Mr. Gordon. Mr. Gordon, you can mute your device at this time. Attorney Aframe. Good morning. Seth Aframe for the United States. I'll start briefly with the career offender issue, which has just been conceded as plain error. The question here is whether possession with intent to distribute in Virginia is a controlled substance offense such that it's a career offender predicate, and the issue about whether state or federal law applies, I guess, is to resolve it because, as Judge Smith said, there's a circuit split here that this court doesn't need to wade into because it can't be a clear error. It's clearly a controlled substance under federal law. I argue it's a controlled substance under Virginia law. I heard an argument today that I didn't hear in the brief about a change in the quantities that happened subsequently, so I'm not familiar with that because it wasn't in the brief, but I did cite a lot of Virginia law that continues to describe marijuana as a controlled substance even after the 1979 change in the law, which was the focus of the defendant's brief in this court. I think no matter whether the court were to side with the view that you look at the federal law or the side that you look at the law of the sovereign that conducted the conviction, marijuana distribution offense would be a controlled substance offense and thus a career offender predicate. If there are no questions on that, I'll move to the second issue very briefly. The question here is whether the defendant was under a criminal justice sentence. It has nothing to do with whether he's incarcerated. The commentary itself says that you can be under a criminal justice sentence if you're not under any supervisory control of the court, but this case involves someone who gets a suspended sentence on good behavior. What the Fourth Circuit said is that is sufficient supervision by the court because if you don't engage in good behavior, you can be incarcerated. The Fourth Circuit said that that is sufficient to bring it within a criminal justice sentence. The issue of incarceration has nothing to do with this issue. That's a separate part of the criminal history part of the guideline, but not these two points. In any event, as was conceded, if the court agrees with the career offender, this is a harmless error. As to the reasonableness of the sentence, this was a substantial reduction from the guideline range. The district court thoughtfully considered the criminal history, deemed it serious, deemed it mitigating that the defendant had a long period without committing a crime and now has committed a robbery where he threatened to bomb a bank. Taking all that into account and the defendant's other mitigating factors, the court determined that a 70-some-odd-month penalty below the guideline was appropriate. The court explained it, the court considered all the arguments, and the court reached a conclusion that I think you would at least say was in the realm of reason, which is what's required to meet substantive reasonableness review. If there are no further questions, I'm happy to rest on the brief. Any questions for Mr. Rayframe? Thank you, Mr. Rayframe. Thank you, Your Honor. That concludes argument in this case. Attorney Gordon and Attorney Rayframe, you should disconnect from the hearing at this time.